Battle, J.
 

 In declining to give the instruction which was
 
 *560
 
 prayed by tbe plaintiff’s counsel, bis Honor was fully supported by tbe authority of the cases of Cannon v. Peebles, 4 Ired. Rep. 204; Lee v. Flannigan, 7 Ired. 471; Young v. Booe, 11 Ired. 347; HARDY v. Skinner, 9 Ired. 191, and Hardy v. Simpson, 13 Ired. 132. Tbe deed in trust contains no stipulation that tbe debtor should retain possession of and use the property conveyed until tbe sale; and it might well be, that tbe postponement of the sale, for nine inonths after tbe deed was executed, and tbe provision for selling upon six month’s credit, instead of for cash, was intended to operate, and did operate for .the benefit of all tbe creditors. Still, if tbe deed was made with the intention to binder, delay or defraud tbe creditors, of the bargainor or any of them, it was void; and upon that question, the plaintiff has no just cause to complain of tbe instructions which bis Honor gave to tbe jury. They were as favorable to him as he had any right to- require; and whether they were not more so, it is unnecessary for us to decide.
 

 The whole subject has been so fully, as well, and so recently discussed in the cases to which we have referred, that we deem it useless to add anything more.
 

 The judgment is affirmed.